# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JENKINS, | CASE NO. 1:10-cv-01347-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |
| Defendants. | |

**I.    Screening Requirement**

Plaintiff Harold Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed July 19, 2010. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. Plaintiff brings this action against Defendants W. Brodie and A. Renteria, in their official and individual capacities, alleging violations of the Eighth, Fifth and Fourteenth Amendments.

On November 19, 2009, Defendant Renteria wrote a rule violation report alleging that Plaintiff stole peanut butter from the dining hall. In the report Defendant Renteria stated that he contacted R. Contreras who informed him the cost of the peanut butter was $7.50 per pound and the oats were $.85 per pound. (Compl. 6, ECF No. 1.) Plaintiff alleges that R. Contreras did not tell Defendant Renteria that the peanut butter cost $7.50 per pound. (Id. at 7.)

On December 4, 2009, Defendant Brodie conducted a hearing on the rules violation and Plaintiff informed him that he wanted to call witnesses. Defendant Brodie informed Plaintiff that the violation was being reduced to an administrative RVR 115 and he was not entitled to witnesses. Plaintiff informed Defendant Brodie that he had contacted "SCC folks" who told him the peanut butter cost $1.03 per pound and the oats were $.44 per pound. (Id.) Plaintiff informed Defendant

1 Brodie that the rule violation should be dismissed because Defendant Renteria falsified the rule
2 violation report. (Id. at 15.) Defendant Brodie found Plaintiff guilty and assessed thirty days loss
3 of privileges. (Id. at 7) Plaintiff alleges that the false report violates his right to due process under
4 the Fifth and Fourteenth Amendments and Defendants acted with deliberate indifference in violation
5 of the Eighth Amendment. (Id. at 8-9.) Plaintiff is seeking general and punitive damages, and
6 injunctive relief.

7 For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.
8 Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies
9 described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff
10 with the legal standards that appear to apply to his claims. Plaintiff should carefully review the
11 standards and amend only those claims that he believes, in good faith, are cognizable.

12 **III.    Discussion**

13     **A.    Eighth Amendment**

14 Liability under section 1983 exists where a defendant "acting under the color of law" has
15 deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen
16 v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment
17 the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and
18 make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's
19 health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).
20 Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of
21 serious harm" to an inmates health or safety and that there was no "reasonable justification for the
22 deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).
23 Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152. The
24 circumstances, nature, and duration of the deprivations are critical in determining whether the
25 conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim."
26 Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

27 Plaintiff has failed to allege that there was a substantial risk of serious harm and that
28 Defendants acted or failed to act in response. Thomas, 611 F.3d at 1150. Further, the Court fails

to see how Plaintiff's allegation that the cost of the peanut butter and oats stated in the rule violation report caused any deprivation suffered by Plaintiff. Plaintiff has failed to allege a cognizable claim under the Eighth Amendment.

### B. Due Process

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Plaintiff's allegations regarding the submission of false reports against him fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nor does a thirty day loss of privileges "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan, 83 F.3d at 1088.

### C. Official Capacity

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.

///

#### D.      State Law Violations

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). There is no independent cause of action for a violation of Title 15 regulations. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009. Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### IV.     Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are

waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 19, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   August 7, 2011**           /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE