# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-01347-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 8) |

Plaintiff Harold Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 2, 2010, Plaintiff filed a motion requesting a preliminary injunction directing that Defendant Renteria not be allowed to work on C Yard during the pendency of this action to avoid further false accusations against Plaintiff. (ECF No. 8.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

1

For each form of relief sought in federal court, Plaintiff must establish standing. <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint, with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S.Ct. at 1149; <u>Mayfield</u>, 599 F.3d at 969. Further, past misconduct usually does not confer standing to seek an order aimed at preventing future harm. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 111, 103 S.Ct. 1660 (1983); <u>Mayfield</u>, 599 F.3d 970.

Accordingly, Plaintiff's motion for a preliminary injunction, filed November 2, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 7, 2011**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE