# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JENKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-01347-BAM PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 12)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.   Screening Requirement**

Plaintiff Harold Jenkins ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on July 19, 2010. On August 8, 2010, the complaint was dismissed, with leave to amend, for failure to state a cognizable claim. Currently before the Court is the first amended complaint, filed September 9, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.  Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran. Plaintiff's first amended complaint is substantially the same as his original complaint.

On November 19, 2009, Defendant Renteria wrote a rule violation reports alleging that Plaintiff stole peanut butter from the dining hall. In the report Defendant Renteria stated that he contacted R. Contreras who informed him the cost of the peanut butter was $7.50 per pound and the oats were $.85 per pound. Plaintiff alleges that R. Contreras told him that he did not tell Defendant Renteria that the peanut butter cost $7.50 per pound. Plaintiff alleges that Defendant Renteria violated the law enforcement code of ethics and Title 15 by submitting a falsified report.

On December 4, 2009, Defendant Brodie conducted a hearing on the rules violation and Plaintiff informed him that he wanted to call witnesses. Defendant Brodie informed Plaintiff that the violation was being reduced to an administrative RVR 115 and he was not entitled to witnesses. Plaintiff informed Defendant Brodie that he had contacted "SCC folks" who told him the peanut butter cost $1.03 per pound and the oats were $.44 per pound. Defendant Brodie found Plaintiff guilty, the findings of guilt stated that the peanut butter cost $1.03 per pound and the oats cost $.44 per pound, and Plaintiff was assessed a thirty day loss of privileges. Plaintiff brings this action against Defendants W. Brodie and A. Renteria alleging violations of the Eighth, Fifth and Fourteenth Amendments seeking monetary damages.

## III.  Discussion

### A.  Eighth Amendment

Plaintiff has failed to state a cognizable claim under the Eighth Amendment as he has not shown that he was deprived of something 'sufficiently serious' nor did he allege facts sufficient to show that any deprivation occurred with deliberate indifference to his health or safety. Thomas v.

Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Further the Court fails to see how Plaintiff's allegation that the cost of the peanut butter and oats stated in the rule violation report caused any deprivation as the findings of guilt stated the correct cost of the items.

### B.  Due Process

The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law."  "[T]he Fifth Amendment's due process clause applies only to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Since all Defendants in this action are state employees the Fifth Amendment Due Process Clause does not apply.  Plaintiff's due process claims arise under the Fourteenth Amendment.

As Plaintiff was previously informed his allegations regarding the submission of false reports against him fails to state a cognizable claim for relief.  The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations.  Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Nor does a thirty day loss of privileges "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan, 83 F.3d at 1088.

The Court notes that Plaintiff does not allege that the accusation that he stole the peanut butter and oats was false, but that Defendant Renteria falsified the cost of the peanut butter and oats.  As to Plaintiff's claim that Defendant Brodie failed to call R. Contreras as a witness during the rule violation hearing, the complaint states that Defendant Brodie told Plaintiff he had contacted R. Contreras and obtained the cost of the items.  The finding of guilt stated the correct cost of the stolen food items.  Plaintiff has failed to state a cognizable claim for a violation of due process.

### C.  State Law Violations

To the extent that Plaintiff is attempting to allege violations of the law enforcement code of ethics or prison regulations, Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of

3

the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). There is no independent cause of action for a violation of Title 15 regulations. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009. Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). Plaintiff's allegation that Defendant Renteria falsified the cost of the stolen items on the rule violation report does not rise to the level of a constitutional violation.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:   **November 21, 2011**               /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE